Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOULEYMANE TRAORE, a.k.a., NGANIFO DONZO,**<br><br>       **Petitioner,**<br><br>       v.<br><br>**TOM RIDGE, et al.,**<br><br>       **Respondents.** | Civil Action No.: 19-12842 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Souleymane Traore, also known as Nganifo Donzo, is a native of Guinea. (*See* D.E. No. 5 ("Petition") ¶ 1). He entered the United States on or about April 29, 2007, at the John F. Kennedy International Airport in Queens, New York seeking admission as a refugee. (*Id.* ¶ 8).

2. Thereafter, officials initiated removal proceedings, and an immigration judge denied his claim for relief from removal on January 8, 2008. (*Id.*). Petitioner appealed to the Board of Immigration Appeals (the "Board"), but the Board affirmed on April 16, 2008. (*Id.*).

3. On or about March 12, 2009, officials released Petitioner from detention on the condition that he comply with the terms of an Order of Supervision. (*Id.* ¶ 9). Petitioner subsequently resided in Bronx, New York for approximately a decade without incident. (*Id.* ¶¶ 7 & 9).

4. In early 2019, the Department of Homeland Security ("DHS") detained Petitioner at the Bergen County Correctional Facility in Hackensack, New Jersey to effectuate the then

eleven-year-old removal order.  (*Id.* ¶ 8).

5. On May 23, 2019, Petitioner, through counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by DHS.  (*See* D.E. No. 1).  The Court screened the Petition and ordered Respondents to answer.  (*See* D.E. No. 4).

6. Thereafter, Petitioner submitted an amended petition on June 17, 2019.  (*See* Petition).  The Petition seeks as relief a bond hearing, Petitioner's immediate release from detention, costs and attorneys' fees, and "such further relief as the Court deems just and proper."  (*See id.*).

7. On July 11, 2019, Respondents informed the Court that officials removed Petitioner from the United States on July 8, 2019.  (D.E. No. 6).  Respondents requested, therefore, that the Court dismiss the matter as moot.  (*Id.*).  On July 30, 2019, Petitioner submitted an opposition to Respondents' request for dismissal.  (D.E. No. 7).  Respondents replied to Petitioner's opposition on August 1, 2019.  (D.E. No. 8).  Accordingly, the matter is ripe for determination.

8. "Though federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' Article III of the Constitution limits the federal judiciary's authority to exercise its 'judicial Power' to resolving 'Cases' and 'Controversies.'"  *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (internal citation omitted).  Courts enforce this case-or-controversy limitation "'through the several justiciability doctrines . . . ,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'"  *Id.* at 334–35.

9. The mootness doctrine requires that a case or controversy continues through all stages of federal judicial proceedings.  *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

(1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). It is not enough that a case or controversy existed when the suit was filed. *Lewis*, 494 U.S. at 477–78. In the context of federal habeas corpus petitions brought by immigration detainees, the deportation or removal of an undocumented person renders an immigration habeas petition challenging the legality or duration of detention moot. *See Lindaastuty v. Attorney General*, 186 F. App'x 294, 298 (3d Cir. 2006) (holding that habeas petition challenging immigration detention became moot due to deportation from the United States).

10. Nevertheless, "[e]ven when a litigant is unable to meet the requirements of the general mootness inquiry, the litigant may invoke an exception to the mootness doctrine to gain judicial review." *Chong v. Dist. Dir. INS*, 264 F.3d 378, 384 (3d Cir. 2001). For example, "a habeas petitioner may obtain judicial review of the petition by showing that 'secondary or "collateral injuries" survive after resolution of the primary injury.'" *Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016). Where an immigration detainee challenges only the legality or duration of his or her detention, however, the alleged collateral consequence must arise from the detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding that release from custody mooted habeas petition where the only collateral consequences arose from the removal order rather than detention); *Barragan v. Holder*, No. 13-0715, 2013 U.S. Dist. LEXIS 99920, at *9 (M.D. Pa. June 28, 2013) (concluding that an immigration petition presented no case or controversy because officials released the petitioner, and the petitioner did not allege any collateral consequences arising from his detention).

11. Here, Respondents assert that the Court should dismiss the Petition as moot

3

pursuant to *Lindaastuty* in light of Petitioner's removal. (D.E. No. 6). In his opposition, Petitioner contends that the matter is factually distinct from *Lindaastuty* because, here, "DHS abused and assaulted the Petitioner" while removing him from the United States in that "Petitioner's feet and hands were shackled on the plane while two DHS officers restrained him with their knees on his chest while he was on the plane." (D.E. No. 7). Petitioner also argues that the matter is legally distinct from *Lindaastuty* because, in this matter, "[t]here are 'sufficient collateral consequences stemming from' the Petitioner's removal to render the Petition 'justiciable.'" (*Id.*). For example, Petitioner alleges that, because of the removal, Petitioner will not be able to reenter the United States for ten years after his deportation and cannot comfort and assist his ailing wife who resides in the United States while Petitioner awaits the United States Citizenship and Immigration Services to process his adjustment application. (*Id.*).

12. Having considered the parties' arguments, the Court concludes that the Petition no longer presents a case or controversy. Because Petitioner has been removed from the United States, the Petition is not redressable by a favorable judicial decision. *See Lindaastuty*, 186 F. App'x at 298. Although Petitioner argues that *Lindaastuty* is factually distinguishable from this matter because DHS allegedly assaulted Petitioner while removing him, Petitioner fails to demonstrate or explain why this difference is material or relevant. Moreover, although Petitioner invokes the collateral consequences exception, Petitioner's inability to reenter the United States and assist his ailing wife is a collateral consequence of his removal order, not the challenged detention. *See Ferry*, 457 F.3d at 1132. And Petitioner has never challenged the removal order in this action. Nor could he, for the Court would lack jurisdiction over such a challenge. *Id.* Thus, the collateral consequences exception does not apply to this matter.

13. For the reasons stated above, the Court **DISMISSES** the Petition *without prejudice*

4

as moot. An appropriate Order follows.

Dated: July 11, 2022

                                                      **Hon. Esther Salas, U.S.D.J.**